## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION

| | |
|---|---|
| Selective Insurance Company of America, | |
| Plaintiff, | C.A. No.: 7:18-cv-00043 |
| v. | **COMPLAINT** |
| Scottsdale Insurance Company, Rising, Inc., and Pilgrim's Pride Corporation, | |
| Defendants. | |

Selective Insurance Company of America, by and through its undersigned attorneys, would respectfully allege and show unto the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      The plaintiff, Selective Insurance Company of America (hereinafter referred to as "Selective"), is an insurance company organized and existing under the laws of the State of New Jersey, which writes insurance policies in North Carolina.

2.      The defendant, Scottsdale Insurance Company (hereinafter referred to as "Scottsdale"), is an insurance company organized and existing under the laws of the State of Ohio, which writes insurance policies in North Carolina

3.      The defendant, Rising, Inc. (hereinafter referred to as "Rising"), is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Robeson County, North Carolina.

4.      The defendant, Pilgrim's Pride Corporation (hereinafter referred to as "PPC"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Colorado.

5.     This case involves the interpretation of certain insurance policies, entered into in North Carolina, which insure lives, property and interests in North Carolina.

6.     This action is brought, in part, pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § 2201.

7.     Jurisdiction exists because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00. This Court thus has jurisdiction based upon 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

8.     Additionally, venue is appropriate under 28 U.S.C. § 1391 because Rising resides in this judicial district and because a substantial part of the events giving rise to this action occurred in this judicial district. Specifically, this action seeks the adjudication of the rights and obligations of the parties under an insurance policy issued to Rising, a North Carolina corporation, which insurance policy was delivered to Rising at its principal place of business in this judicial district.

## FACTS

9.     On or about September 11, 2015, James Mullinax, Jr. (hereinafter referred to as "Mullinax"), an employee driver for Mountain Milk Hauling, Inc. ("Mountain Milk"), arrived at a poultry farm in Georgia for the purpose of picking up a load of chickens for transport to PPC's processing plant. During the course of picking up the load, Mullinax was killed when struck by a forklift owned by PPC which was left running and unattended by Rising.

10.     Following the accident, Linda Weaver Mullinax, individually, and as administratrix of Mullinax's estate, instituted an action against PPC, Rising, and others. The complaint was filed on May 23, 2017, in the State Court of Gwinnett County (GA). The action is captioned *Lynda Weaver Mullinax, individually and as surviving spouse, and Lynda Weaver*

*Mullinax, as administratrix of the Estate of James Delmer Mullinax, Jr., deceased v. Pilgrim's Pride Corporation, Rising, Inc., PPC Transportation Company, and Garren Benton Hall*, and bears Civil Action No. 17-C-03348-2 (hereinafter referred to as "the Underlying Lawsuit"). A copy of the complaint filed and served in this regard is attached hereto as Exhibit A.

11.     Prior to the accident at issue, PPC entered into an Equipment Interchange Contract and a Broiler Catching and Loading Agreement with Rising, in which Rising agreed to use specified equipment owned by PPC, including the forklift involved in the accident, to load poultry into trucks for transportation. Copies of the contracts are attached hereto as Exhibit B, and their terms and conditions are incorporated herein by reference.

12.     Under the terms of these contracts, Rising agreed to defend and indemnify PPC against liabilities arising out of Rising's use, operation, control, maintenance, or possession of the forklift. Further, Rising was required to provide certain insurance, including commercial general liability coverage. The contracts also provided that PPC was to be named as an additional insured on Rising's policies of insurance.

13.     Selective is informed and believes that to fulfill these obligations under the contract, Rising obtained a commercial general liability policy issued by Scottsdale. It is also informed and believes that PPC is an additional insured on the Scottsdale policy.

14.     Following the institution of the Underlying Lawsuit, PPC filed crossclaims against Rising and third-party claims against Mountain Milk, seeking defense and indemnification for both entities.

15.     Selective provided a policy of commercial general liability insurance to Mountain Milk. As is the case with Rising, Mountain Milk also assumed certain contractual obligations to PPC, including defense, indemnity, and insurance obligations. As such, upon notice of the third-

3

party claims filed by PPC and Mountain Milk, Selective agreed to undertake the defense of PPC and retained counsel on PPC's behalf.

16.      Upon information and belief, PPC has also tendered its defense to Scottsdale under the terms of the Scottsdale Policy and asked that it be defended and indemnified in the Underlying Lawsuit. Scottsdale has refused to accept the tender and has refused to perform its obligations under the Scottsdale Policy to defend and indemnify PPC.

17.      As a result of Scottsdale's refusal to fulfill its responsibilities under the Scottsdale Policy of insurance issued by it, Selective has been damaged in that it has been forced to incur expenses, including defense costs in connection with the defense of PPC in the action, some or all of which it would not have incurred had Scottsdale agreed to provide PPC with a defense and indemnity in this case as required by the Scottsdale Policy.

## FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

18.      Selective realleges and incorporate herein by reference all of the allegations contained in paragraphs 1 through 17 above.

19.      Selective alleges that it is entitled to a declaration that PPC is an insured under the Scottsdale Policy and that Scottsdale has a duty to defend and indemnify PPC in the Underlying Lawsuit.

20.      A justiciable controversy exists between the parties to this action arising out of these claims and Scottsdale's denial thereof. Therefore, Selective asks this court to construe and determine the rights of the parties and to declare that:

      a.      PPC is an insured under the Scottsdale Policy;

      b.      Scottsdale owes the primary duty to defend and indemnify PPC in the Underlying Lawsuit;

4

c.       As Scottsdale has a duty to defend PPC, its wrongful refusal to agree to defend and indemnify PPC has resulted in Selective having to incur costs and fees and other damages in connection with the defense of the action which it would not have had to incur had Scottsdale fulfilled its obligations under its policy; and

d.       That as a result, Selective is entitled to an award of damages, including a recoupment of all fees, costs and expenses incurred in connection with the defense of the Underlying Lawsuit, together with pre-judgment interest thereon, an award of attorney's fees incurred in connection with the bringing of this action, the costs of this action, and for any such other and further relief as this court shall deem just and proper.

## FOR A SECOND CAUSE OF ACTION
## (EQUITABLE CONTRIBUTION AND/OR EQUITABLE SUBROGATION)

21.       Selective incorporates herein by reference the allegations contained in paragraphs 1 through 20 above.

22.       Selective alleges that it is entitled to recover from Scottsdale the defense costs and expenses paid by it in defense of the Underlying Lawsuit, along with interest on those amounts, pursuant to the rights of equitable contribution, equitable subrogation and/or all other applicable legal or equitable theories of recovery.

WHEREFORE, Selective prays that it be granted the relief set forth above, including the requested declaratory relief and for an order and judgment on its second cause of action directing Scottsdale to reimburse Selective for its proportional share of the defense costs and expenses paid by Selective in defending PPC in the Underlying Lawsuit, along with interest on those amounts, the costs of this action, and any such other and further relief as this court shall deem just and proper.

This the 16th day of March, 2018.

GALLIVAN, WHITE, & BOYD, P.A.

_s/ James M. Dedman, IV_
James M. Dedman, IV (N.C. Bar No. 37415)
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 227-1944
(704) 362-4850 FAX
jdedman@gwblawfirm.com

_Attorneys for Plaintiff,_
_Selective Insurance Company of America_